The opinion of the Court was afterwards drawn up by
Parker C. J.
By the colonial act of 1650, which is considered as "the original charter of Harvard College, taken in connexion with previous acts of 1636, 1640, 1642, it is ordered by the court and the authority thereof, that all the lands, tenements and hereditaments, houses or revenues, within this jurisdiction, to the president or college appertaining, not exceeding the value of 500Z. per annum, shall be from thenceforth freed from all civil impositions, rates and taxes.
This grant or charter was irrepealable in its nature, and it began to operate on the property then belonging to the college, and such as should afterwards be acquired until their real estate should exceed in value 500Z. a year ; after which all real estate acquired by the college would be liable to taxation, unless exempted by subsequent legislative acts.
This original grant is expressly confirmed by the chapter of the constitution respecting Harvard University, so that the legislature has not constitutional power to tax the property belonging to the institution within the limits of the grant. It is an immunity which is protected by the very words of the constitution.
This immunity operated upon the estate for which the plaintiff was assessed, for by the terms of the grant, lands were to be exempted, and without doubt, at the time when this farm was acquired by the college, their income from real estate fell much short of 500Z. per annum.
Real estate subsequently acquired would be subject to legislative disposition in regard to taxation, after the exemption provided for has been secured. Whether such estates are ab solutely exempted by the late tax acts, or the tenants are taxable for them, is a question which does not come up in this case.
The fact agreed, that the farm in question has never been included in the general valuation, or in any invoice, and has never been assessed in any tax, goes very stróngly to show the construction which has been put upon the original charter to the college
*116 The remarks made in the case of Harvard College v. Kettell, 16 Mass. R. 207, are applicable to estates not within the original exemption of the charter. It is intimated there, but not decided, that the tenants of such estate by lease might he subject to taxation ; but whether they are or not, must depend entirely upon the acts under which such assessment shall be made.
The plaintiff must have judgment according to the igreement of the oar ties.